## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN RELVAS** ) | |
| ) | |
| **AND** ) | Civil Action No. |
| **ESTATE OF RUI RELVAS** ) | |
| **AND** ) | |
| **ESTATE OF JOAO RELVAS** ) | Judge: |
| **AND** ) | |
| **ANTONIO RELVAS** ) | |
| **AND** ) | |
| **JOSEFINA RELVAS, Personally and as** ) | |
| **Representative of the Estate of Rui Relvas** ) | |
| **and the Estate of Joao Relvas** ) | |
| ) | |
| **ESTATE OF JOHN SPEARING** ) | |
| **AND** ) | |
| **SAMUEL F. SPEARING** ) | |
| **AND** ) | |
| **LOIS SPEARING** ) | |
| **AND** ) | |
| **RICHARD M. SPEARING, Personally and** ) | |
| **as Representative of the Estate of John** ) | |
| **Spearing** ) | |
| ) | |
| **ESTATE OF CHARLES R. RAY** ) | |
| **AND** ) | |
| **ESTATE OF LUCIAN E. RAY, JR.** ) | |
| **AND** ) | |
| **ESTATE OF JUNE L. RAY** ) | |
| **AND** ) | |
| **DOROTHY WAGNER, Personally and as** ) | |
| **Representative of the Estate of Charles R.** ) | |
| **Ray, Estate of Lucian E. Ray, Jr. and the** ) | |
| **Estate of June L. Ray** ) | |
| ) | |
| **ESTATE OF FREDDIE HALTIWANGER** ) | |
| **AND** ) | |
| **ESTATE OF MARY M. HALTIWANGER** ) | |
| **AND** ) | |
| **ESTATE OF FREDDIE L.** ) | |
| **HALTIWANGER** ) | |
| **AND** ) | |
| **SHIRLEY MITCHELL, Personally and as** ) | |
| **Representative of the Estates of Freddie** ) | |
| **Haltiwanger, Freddie L. Haltiwanger, and** ) | |

| | |
|---|---|
| **Mary M. Haltiwanger** | ) |
| | ) |
| **ESTATE OF MARION KEES** | ) |
|     **AND** | ) |
| **ESTATE OF MARIAN KEES** | ) |
|     **AND** | ) |
| **ESTATE OF HARVEY KEES** | ) |
|     **AND** | ) |
| **JOHN L. KEES, Personally and as** | ) |
| **Representative of the Estates of Marion** | ) |
| **Kees, Marian Kees, and Harvey Kees** | ) |
| | ) |
| **ESTATE OF LYNDON HUE** | ) |
|     **AND** | ) |
| **WILTON HUE JR.** | ) |
|     **AND** | ) |
| **ESTATE OF ELAINE HUE** | ) |
|     **AND** | ) |
| **DONNA MYERS** | ) |
|     **AND** | ) |
| **MYRA HAYNES** | ) |
|     **AND** | ) |
| **BRETT HUE** | ) |
|     **AND** | ) |
| **TINA HAMILTON** | ) |
|     **AND** | ) |
| **ESTATE OF JARRETT HUE** | ) |
|     **AND** | ) |
| **JILL STOLTZ, Personally and as** | ) |
| **Representative of the Estates of Elaine Hue** | ) |
| **and Jarrett Hue** | ) |
|     **AND** | ) |
| **WILTON HUE, Personally and as** | ) |
| **Representative of the Estate of Lyndon Hue** | ) |
| | ) |
| **ESTATE OF MARCUS COLEMAN** | ) |
|     **AND** | ) |
| **ESTATE OF KENNETH COLEMAN** | ) |
|     **AND** | ) |
| **ESTATE OF DOROTHY COLEMAN** | ) |
|     **AND** | ) |
| **MARSHA TURNER** | ) |
|     **AND** | ) |
| **MICHAEL COLEMAN, Personally and as** | ) |
| **Representative of the Estates of Marcus** | ) |
| **Coleman, Kenneth Coleman, and Dorothy** | ) |

**Coleman**                                                )
                                                          )
**ESTATE OF DAVID BOUSUM**                                )
    **AND**                           )
**ESTATE OF JOANNA BOUSUM**                               )
    **AND**                           )
**SHERYL WESTERVELT**                                     )
    **AND**                           )
**GERALD BOUSUM, Personally and as**                      )
**Representative of the Estates of David**                )
**Bousum and Joanna Bousum**                              )
                                                          )
**ESTATE OF KEVIN CUSTARD**                               )
    **AND**                           )
**ESTATE OF LORRAINE ENGSTROM**                           )
    **AND**                           )
**YVONNE CUSTARD**                                        )
    **AND**                           )
**TERRI REA**                                             )
    **AND**                           )
**CHYRISSE SHERMOCK,  Personally and**                    )
**as Representative of the Estates of Kevin**             )
**Custard and Lorraine Engstrom**                         )
                                                          )
**ESTATE OF RICHARD BARRETT**                             )
    **AND**                           )
**ESTATE OF JAMES BARRETT**                               )
    **AND**                           )
**JAMES A. BARRETT, JR.**                                 )
    **AND**                           )
**SUE BARRETT**                                           )
    **AND**                           )
**STEPHANIE BARRETT ELKINS,**                             )
**Personally and as Representative of the**               )
**Estates of Richard Barrett and James**                  )
**Barrett**                                               )
                                                          )
**ESTATE OF LEX TRAHAN**                                  )
    **AND**                           )
**PERCY TRAHAN**                                          )
    **AND**                           )
**SHIRLEY TRAHAN, Personally and as**                     )
**Representative of the Estate of Lex Trahan**            )
                                                          )
**WILLIAM FAULK**                                         )
                                                          )

**BRADLEY GROSS** )
)
**MARK BOYD** )
     **AND** )
**ANNETTE BOYD** )
)
**TIMOTHY WHITFIELD** )
     **AND** )
**JEFF WHITFIELD** )
     **AND** )
**GARY WHITFIELD** )
     **AND** )
**NEIL WHITFIELD** )
     **AND** )
**JIMMY WHITFIELD** )
     **AND** )
**MARRIANE SCHAFFER** )
)
**SCOTT SMITH** )
)
**JEFFREY KULP** )
)
**LEO MORA** )
)
**DARRELL SILER** )
     **AND** )
**CARIE MCCORMACK** )
)
**BENJAMIN FOSS** )
     **AND** )
**PATSY FOSS** )
)
**BRUCE COCHRAN** )
)
**JOHN IJAMES** )
)
**ROSS MORRISON** )
)
**BRIAN ZEBROWSKI** )
)
**EDWARD MCCARRON, JR.** )
)
**TIMOTHY J. KUEHNE** )
)

| | |
|---|---|
| **GREG SIMMONS** | ) |
| | ) |
| **AL DUNCAN** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| **THE ISLAMIC REPUBLIC OF IRAN** | ) |
| **Ministry of Foreign Affairs** | ) |
| **Khomeini Avenue** | ) |
| **United Nations Street** | ) |
| **Tehran, Iran** | ) |
| | ) |
| **AND** | ) |
| | ) |
| **THE IRANIAN MINISTRY** | ) |
| **OF INFORMATION AND SECURITY** | ) |
| **Pasdaran Avenue** | ) |
| **Golestan Yekom** | ) |
| **Tehran, Iran**, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

### I.   INTRODUCTION

1.      This action is brought by the Plaintiffs, John Relvas, *et al*., through counsel, against the Islamic Republic of Iran and the Iranian Ministry of Information and Security for orchestrating the October 23, 1983 suicide bombing of the U.S. Marine barracks in Beirut, Lebanon.  The bombing, which killed 241 American servicemembers and injured numerous others, was the deadliest state-sponsored terrorist attack against American citizens prior to September 11, 2001.  The Plaintiffs are American servicemembers who were wounded in the attack and the families and estates of servicemembers who were killed or wounded.

## II.    JURISDICTION AND VENUE

2.    This Court exercises both subject matter jurisdiction and personal jurisdiction over the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS") (collectively, "Defendants") in accordance with the Foreign Sovereign Immunities Act ("FSIA").

3.    The FSIA grants U.S. district courts "original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state . . . as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity." 28 U.S.C. § 1330.  Iran is a foreign state and MOIS is an agency or instrumentality of a foreign state under 28 U.S.C. § 1603(b).  The Plaintiffs seek relief against the Defendants in personam through a nonjury civil action.

4.    The Defendants are not immune from the jurisdiction of U.S. courts because, pursuant to 28 U.S.C. § 1605A(a)(1), the Plaintiffs seek money damages against the Defendants for committing acts of extrajudicial killing, and providing material support for such acts, which were engaged in by the Defendants' officials, employees, and agents while acting within the scope of their office, employment, or agency.

5.    Because the acts complained of occurred in Lebanon, the Plaintiffs need not afford the Defendants "a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration," pursuant to 28 U.S.C. § 1605A(a)(2)(A)(iii).

6.    Venue in this Court is proper in accordance with the provisions of 28 U.S.C. § 1391(f)(4), which provides, in pertinent part, that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

## III.    THE PARTIES

7.    The Plaintiffs in this action consist entirely of members of the United States Marine Corps, the United States Navy, and the United States Army, and their heirs at law and legatees, all of whom are qualified as claimants in accordance with 28 U.S.C. § 1605A(a)(ii), who suffered physical and/or emotional injuries as a result of the terrorist attack upon the United States Marine Corps, Battalion 1/8, Headquarters Building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983.   Members of the United States Marine Corps were assigned to the 24th Amphibious Unit.   Members of the United States Navy and United States Army were present at the site of the occurrence in support of the 24th Amphibious Unit, either on a regularly assigned basis or temporarily, including on October 23, 1983.

8.    Defendant Iran is a foreign state which was, as a result of the acts hereinafter complained of, and is to the present, designated as a state sponsor of terrorism in 49 FED. REG. 2836, Jan 23, 1984, pursuant to Section 6(j) of the Export Administration Act of 1979, 50 U.S.C. app.  2405(j)).

9.    Defendant MOIS is an agency of Defendant Iran whose activities included, at all times relevant to this action, the promotion of terrorist acts directed against the armed forces of the United States and United States citizens, by and through material support to various terrorist organizations including the Lebanese terrorist organization known as "Hezbollah."  In addition, a member of the Iranian Revolutionary Guard was utilized to drive the truck which crashed into the Marine barracks in Beirut, Lebanon on October 23, 1983 and detonated, inflicting personal injury and the death of 241 American servicemembers.

## IV.   STATEMENT OF FACTS

10.   The Republic of Lebanon is a mountainous country bordered by Israel, Syria, and the eastern shore of the Mediterranean Sea.  At the time of the 1983 bombing of the Marine barracks, and still today, Lebanon was inhabited by members of a diverse set of religious faiths, including Maronite and Greek Orthodox Christians, Sunni and Shia Muslims, and others.

11.   Lebanon did not participate militarily in the 1967 and 1973 Arab-Israeli wars.  By 1973, however, approximately one out of every ten persons living in Lebanon was a Palestinian refugee, many of whom supported the efforts of the Palestine Liberation Organization ("PLO") against Israel.  Some of these refugees engaged in guerilla warfare and terrorist activity against Israel from bases established in southern Lebanon.  Beginning in 1968, Israel engaged in reprisals against these Palestinian strongholds.  In 1975, civil war broke out in Lebanon between, on the one hand, Lebanese Muslims and Palestinian refugees, who generally supported the PLO, and on the other, Lebanese Christians, who did not support the PLO.  The war lasted for fifteen years, during which approximately twenty thousand Lebanese were killed and many others wounded.

12.   In 1979, the Shah of Iran was deposed, and the nation of Iran was transformed into an Islamic theocracy, led by the Ayatollah Ruhollah Khomeini.  The new government quickly adopted a constitution committing itself to "provid[ing] the necessary basis for ensuring the continuation of the Revolution at home and abroad."  Toward that end, between 1983 and 1988, the government of Iran spent approximately $50 to $150 million to finance terrorist organizations in the Near East, including in the war-torn republic of Lebanon.

13.   In 1982, Israel invaded Lebanon in an effort to drive the PLO out of the southern portion of the country.

14. Following this invasion, the Iranian government sought to radicalize the Lebanese Shi'ite community. Iran encouraged the creation of an organization called "Hezbollah," with the goal of furthering the transformation of Lebanon into an Islamic theocracy modeled after Iran. In 1982 and 1983, Hezbollah was reliant on and strictly controlled by Iran, which provided the group with orders, military training, weapons and other supplies, and financial support.

15. The primary agency through which the Iranian government both established and exercised operational control over Hezbollah was MOIS. MOIS acted as a conduit for Iran's provision of funds to Hezbollah, provided the group with explosives, and, at all times relevant to the events described in this complaint, exercised operational control over the group. In doing so, MOIS acted with the express approval of Iranian government leaders.

16. In late 1982, with the backing of the United Nations, a multinational peacekeeping coalition, consisting of American, British, French, and Italian soldiers, arrived in the Lebanese capital of Beirut. In May 1983, the 24th Marine Amphibious Unit of the U.S. Marines (the "24th MAU") arrived in Lebanon as part of this coalition.

17. The members of the 24th MAU were non-combatants operating under peacetime rules of engagement. The rules of engagement issued to the 24th MAU made clear that it did not possess combatant or police powers. The soldiers of the 24th MAU were ordered not to carry weapons with live rounds in their chambers and were permitted to use live rounds only if directly ordered to do so by a commissioned officer or if they found themselves in a situation requiring the immediate use of deadly force for purposes of self-defense. "The members of the 24th MAU were more restricted in their use of force than an ordinary U.S. citizen walking down a street in Washington, D.C." *Peterson v. Islamic Republic of Iran*, 264 F. Supp. 2d 46, 50 (D.D.C. 2003).

18.     On or around September 26, 1983, MOIS sent a message to the Iranian ambassador to Syria, directing him to instruct terrorist forces in Lebanon to initiate attacks against the multinational coalition and "to take a spectacular action against the United States Marines."

19.     The Iranian ambassador subsequently contacted a member of the Iranian Revolutionary Guard ("IRG"), and instructed him to instigate the Marine barracks bombing. IRG members in Lebanon organized a meeting with Hezbollah leaders, at which they formed a plan to carry out attacks against the American and French barracks in Lebanon.

20.     A 19-ton truck was disguised so that it would resemble a water delivery truck that routinely arrived at the Beirut International Airport, which was located near the U.S. Marine barracks in Beirut.  The truck was modified so that it could transport a gas-enhanced explosive device.

21.     The truck was determined by Iranian military engineers to have an appropriate size and weight to crash through a barbed wire emplacement, fit between two sandbagged sentry posts, penetrate an iron fence gate, climb over a sewer pipe obstruction, move through a sandbag inner barrier into a passenger entry hallway, and enter the center lobby of the Marine barracks building.  Iranian military engineers further determined that an explosion from this position would have sufficient force to collapse the Marine barracks structure.

22.     On the morning of October 23, 1983, members of Hezbollah ambushed the real water delivery truck before it arrived at the barracks.  The fake water delivery truck then set out for the barracks, driven by Ismalal Ascari, an Iranian citizen and IRG member.

23.     At approximately 6:25 a.m. Beirut time, the truck drove past the Marine barracks. As the truck circled in the large parking lot behind the barracks, it increased its speed.  The truck

then crashed through a barbed wire barrier and a wall of sandbags, and entered the barracks. When the truck reached the center of the barracks, the bomb in the truck detonated.

24.     The resulting explosion was the largest non-nuclear explosion that had ever been detonated, equivalent to 15,000 to 21,000 pounds of TNT.   It ripped locked doors from their doorjambs, shredded trees located 370 feet away, and shattered all of the windows at an air traffic control tower, located over half a mile away, at the Beirut International Airport.

25.     Most significantly, the four-story Marine barracks in which the bomb detonated was completely destroyed.

26.     241 servicemembers were killed, and many others were severely injured.   For many of the victims, death was not instantaneous, and they were forced to endure extreme pain and suffering and economic losses.

27.     The death certificates issued for the victims of the attack listed the cause of death as "terrorist attack."   The death certificates did not represent that the victims were killed in action.

28.     Hezbollah lacked the capacity to carry out the attack on the Marine barracks, which required careful and sophisticated planning, without Iranian material and technical support and direction.

29.     At the time of the bombing, the explosive used, bulk-form pentaerythritol tetranitrate ("PETN"), was not commercially available and was produced only by state-sponsored manufacturers for military purposes.  Bulk-form PETN was manufactured in Iran, but not in Lebanon.

30. The attack on the Marine barracks was expressly approved by Iranian leaders, including Iran's Supreme Leader Ayatollah Khomeini and Iran's prime minister. Given their positions of authority, their official acts are tantamount to acts by the government of Iran.

V. **CLAIMS**

**COUNT I**
**CLAIM OF THE ESTATE OF RUI RELVAS**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR WRONGFUL DEATH**

31. Plaintiff, Josefina Relvas, Personal Representative of the Estate of Rui Relvas,[*] repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

32. On October 23, 1983, when the explosive device described above was detonated, Rui Relvas, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Rui Relvas was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Rui Relvas. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

WHEREFORE, Plaintiff, Josefina Relvas, demands judgment on behalf of the Estate of Rui Relvas, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

---

[*] Those Plaintiffs who are described herein as suing on behalf of estates, and who are not yet qualified as the legal representatives of those estates, intend to initiate the process required to become so qualified as soon as is practicable. The Plaintiffs will file an amended complaint as necessary.

**COUNT II**
**SURVIVAL CLAIM OF THE ESTATE OF RUI RELVAS**
**PURSUANT TO 28 U.S.C. § 1605A**

33.     Plaintiff, Josefina Relvas, Personal Representative of the Estate of Rui Relvas, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

34.     Decedent, Rui Relvas, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Josefina Relvas, demands judgment on behalf of the Estate of Rui Relvas, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT III**
**CLAIMS OF JOSEFINA RELVAS, ANTONIO RELVAS, JOHN RELVAS,**
**AND THE ESTATE OF JOAO RELVAS**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

35.     Plaintiffs, Josefina Relvas, individually and as representative of the Estate of Joao Relvas, Antonio Relvas, and John Relvas repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

36.     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiffs, Josefina and Joao Relvas, the parents of the Decedent, and Antonio and John Relvas, the brothers of the Decedent,

endured extreme mental anguish and pain and suffering and economic losses, and suffered emotional injury and loss.

37.     WHEREFORE, Joesefina Relvas, individually and as representative of the Estate of Joao Relvas, Antonio Relvas, and John Relvas demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT IV**
**CLAIM OF THE ESTATE OF JOHN SPEARING**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR WRONGFUL DEATH**

38.     Plaintiff, Richard M. Spearing, Personal Representative of the Estate of John Spearing, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

39.     On October 23, 1983, when the explosive device described above was detonated, John Spearing, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of John Spearing was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Spearing. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

WHEREFORE, Plaintiff, Richard M. Spearing, demands judgment on behalf of the Estate of John Spearing, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION

14

DOLLARS ($20,000,000.00), besides costs.

### COUNT V
### SURVIVAL CLAIM OF THE ESTATE OF JOHN SPEARING
### PURSUANT TO 28 U.S.C. § 1605A

40.     Plaintiff, Richard M. Spearing, Personal Representative of the Estate of John Spearing, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

41.     Decedent, John Spearing, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Richard M. Spearing, demands judgment on behalf of the Estate of John Spearing, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT VI
### CLAIMS OF RICHARD M. SPEARING, SAMUEL F. SPEARING,
### AND LOIS SPEARING
### PURSUANT TO 28 U.S.C. § 1605A
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42.     Plaintiffs, Richard M. Spearing, Samuel F. Spearing, and Lois Spearing repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

43.     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiffs, Richard M. Spearing and Samuel F. Spearing, the brothers of the Decedent, and Lois Spearing, the mother of

the Decedent, endured extreme mental anguish and pain and suffering and economic losses, and suffered emotional injury and loss.

44.     WHEREFORE, Richard M. Spearing, Samuel F. Spearing, and Lois Spearing demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT VII**
**CLAIM OF THE ESTATE OF FREDDIE HALTIWANGER**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR WRONGFUL DEATH**

45.     Plaintiff, Shirley Mitchell, Personal Representative of the Estate of Freddie Haltiwanger, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

46.     On October 23, 1983, when the explosive device described above was detonated, Freddie Haltiwanger, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Freddie Haltiwanger was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Freddie Haltiwanger. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

WHEREFORE, Plaintiff, Shirley Mitchell, demands judgment on behalf of the Estate of Freddie Haltiwanger, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT VIII
## SURVIVAL CLAIM OF THE ESTATE OF FREDDIE HALTIWANGER
## PURSUANT TO 28 U.S.C. § 1605A

47.     Plaintiff, Shirley Mitchell, Personal Representative of the Estate of Freddie Haltiwanger, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

48.     Decedent, Freddie Haltiwanger, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Shirley Mitchell, demands judgment on behalf of the Estate of Freddie Haltiwanger, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT IX
## CLAIMS OF SHIRLEY MITCHELL, THE ESTATE OF MARY M. HALTIWANGER, AND THE ESTATE OF FREDDIE L. HALTIWANGER
## PURSUANT TO 28 U.S.C. § 1605A
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49.     Plaintiff Shirley Mitchell, individually and as representative of the Estates of Mary M. Haltiwanger and Freddie L. Haltiwanger, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

50.     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff Shirley Mitchell, the sister of the Decedent, and Mary M. Haltiwanger and Freddie L. Haltiwanger, the parents of

the Decedent, endured extreme mental anguish and pain and suffering and economic losses, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Shirley Mitchell, individually and as representative of the Estates of Mary M. Haltiwanger and Freddie L. Haltiwanger, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT X**
**CLAIM OF THE ESTATE OF MARION KEES**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR WRONGFUL DEATH**

51.     Plaintiff, John L. Kees, Personal Representative of the Estate of Marion Kees, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

52.     On October 23, 1983, when the explosive device described above was detonated, Marion Kees, a member of the United States Navy, and a resident of and citizen of the United States, suffered fatal injuries. The death of Marion Kees was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Marion Kees. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

WHEREFORE, Plaintiff, John L. Kees, demands judgment on behalf of the Estate of Marion Kees, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00), besides costs.

## COUNT XI
## SURVIVAL CLAIM OF THE ESTATE OF MARION KEES
## PURSUANT TO 28 U.S.C. § 1605A

53.     Plaintiff, John L. Kees, Personal Representative of the Estate of Marion Kees, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

54.     Decedent, John L. Kees, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defenants, and the Decedent thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, John L. Kees, demands judgment on behalf of the Estate of Marion Kees, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XII
## CLAIMS OF JOHN L. KEES, THE ESTATE OF MARIAN KEES,
## AND THE ESTATE OF HARVEY KEES
## PURSUANT TO 28 U.S.C. § 1605A
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55.     Plaintiff John L. Kees, personally and on behalf of the Estates of Marian Kees and Harvey Kees, repeats and re-allege each and every allegation set forth above with equal effect as if alleged herein.

56.     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff John L. Kees, the

son of the Decedent, Marian Kees, the mother of the Decedent, and Harvey Kees, the father of the Decedent, endured extreme mental anguish and pain and suffering and economic losses, and suffered emotional injury and loss.

WHEREFORE, John L. Kees, personally and on behalf of the Estates of Marian Kees and Harvey Kees, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT XIII
### CLAIM OF THE ESTATE OF LYNDON HUE
### PURSUANT TO 28 U.S.C. § 1605A
### FOR WRONGFUL DEATH

57.     Plaintiff, Wilton Hue, Personal Representative of the Estate of Lyndon Hue, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

58.     On October 23, 1983, when the explosive device described above was detonated, Lyndon Hue, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Lyndon Hue was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Lyndon Hue. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

WHEREFORE, Plaintiff, Wilton Hue, demands judgment on behalf of the Estate of Lyndon Hue, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00), besides costs.

## COUNT XIV
## SURVIVAL CLAIM OF THE ESTATE OF LYNDON HUE
## PURSUANT TO 28 U.S.C. § 1605A

59.     Plaintiff, Wilton Hue, Personal Representative of the Estate of Lyndon Hue, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

60.     Decedent, Lyndon Hue, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Wilton Hue, demands judgment on behalf of the Estate of Lyndon Hue, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XV
## CLAIMS OF WILTON HUE, WILTON HUE, JR.,
## THE ESTATE OF ELAINE HUE, JILL STOLTZ,
## DONNA MYERS, MYRA HAYNES, TINA HAMILTON,
## THE ESTATE OF JARRETT HUE, AND BRETT HUE
## PURSUANT TO 28 U.S.C. § 1605A
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61.     Plaintiffs Wilton Hue, Wilton Hue, Jr., Jill Stoltz, personally and on behalf of the Estate of Elaine Hue and the Estate of Jarrett Hue, Donna Myers, Myra Haynes, Tina Hamilton, and Brett Hue repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

62.     As a direct and proximate result of the willful, wrongful and intentional acts of

Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiffs Wilton Hue and Elaine Hue, the parents of the Decedent, Wilton Hue, Jr., Jill Stoltz, Donna Hue, Myra Haynes, Jarrett Hue, Tina Hamilton, and Brett Hue, the siblings of Decedent, endured extreme mental anguish and pain and suffering and economic losses, and suffered emotional injury and loss.

WHEREFORE, Wilton Hue, Wilton Hue, Jr., Jill Stoltz, personally and on behalf of the Estate of Elaine Hue and the Estate of Jarrett Hue, Donna Myers, Myra Haynes, Tina Hamilton, and Brett Hue demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XVI
## CLAIM OF THE ESTATE OF MARCUS COLEMAN
## PURSUANT TO 28 U.S.C. § 1605A
## FOR WRONGFUL DEATH

63.     Plaintiff, Michael Coleman, Personal Representative of the Estate of Marcus Coleman, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

64.     On October 23, 1983, when the explosive device described above was detonated, Marcus Coleman, a member of the United States Army, and a resident of and citizen of the United States, suffered fatal injuries. The death of Marcus Coleman was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Marcus Coleman. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

WHEREFORE, Plaintiff, Michael Coleman, demands judgment on behalf of the Estate of Marcus Coleman, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XVII
## SURVIVAL CLAIM OF THE ESTATE OF MARCUS COLEMAN
## PURSUANT TO 28 U.S.C. § 1605A

65.     Plaintiff, Michael Coleman, Personal Representative of the Estate of Marcus Coleman, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

66.     Decedent, Marcus Coleman, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Michael Coleman, demands judgment on behalf of the Estate of Marcus Coleman, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XVIII
## CLAIMS OF MICHAEL COLEMAN, MARSHA TURNER,
## THE ESTATE OF KENNETH COLEMAN,
## AND THE ESTATE OF DOROTHY COLEMAN
## PURSUANT TO 28 U.S.C. § 1605A
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67.     Plaintiffs Michael Coleman, personally and on behalf of the Estates of Kenneth Coleman and Dorothy Coleman, and Marsha Turner repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

68.     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Kenneth Coleman and Dorothy Coleman, the parents of the Decedent, and Michael Coleman and Marsha Turner, the siblings of the Decedent, endured extreme mental anguish and pain and suffering and economic losses, and suffered emotional injury and loss.

WHEREFORE, Michael Coleman, personally and on behalf of the Estates of Kenneth Coleman and Dorothy Coleman, and Marsha Turner demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XIX
## CLAIM OF THE ESTATE OF DAVID BOUSUM
## PURSUANT TO 28 U.S.C. § 1605A
## FOR WRONGFUL DEATH

69.     Plaintiff, Gerald Bousum, Personal Representative of the Estate of David Bousum, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

70.     On October 23, 1983, when the explosive device described above was detonated, David Bousum, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of David Bousum was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of David Bousum. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security.

WHEREFORE, Plaintiff, Gerald Bousum, demands judgment on behalf of the Estate of David Bousum, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT XX**
**SURVIVAL CLAIM OF THE ESTATE OF DAVID BOUSUM**
**PURSUANT TO 28 U.S.C. § 1605A**

71.     Plaintiff, Gerald Bousum, Personal Representative of the Estate of David Bousum, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

72.     Decedent, David Bousum, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Gerald Bousum, demands judgment on behalf of the Estate of David Bousum, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT XXI**
**CLAIMS OF GERALD BOUSUM, SHERYL WESTERVELT,**
**AND THE ESTATE OF JOANNA BOUSUM**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

73.     Plaintiff Gerald Bousum, personally and on behalf of the Estate of Joanna Bousum, and Sheryl Westervelt repeat and re-allege each and every allegation set forth above

with equal effect as if alleged herein.

74.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Gerald and Joanna Bousum, the parents of the Decedent, and Sheryl Westervelt, the sister of the Decedent, endured extreme mental anguish and pain and suffering and economic losses, and suffered emotional injury and loss.

WHEREFORE, Gerald Bousum, personally and on behalf of the Estate of Joanna Bousum, and Sheryl Westervelt demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XXII
## CLAIM OF THE ESTATE OF CHARLES R. RAY
## PURSUANT TO 28 U.S.C. § 1605A
## FOR WRONGFUL DEATH

75.    Plaintiff, Dorothy Wagner, Personal Representative of the Estate of Charles R. Ray, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

76.    On October 23, 1983, when the explosive device described above was detonated, Charles R. Ray, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Charles R. Ray was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Charles R. Ray. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security.

WHEREFORE, Plaintiff, Dorothy Wagner, demands judgment on behalf of the Estate of Charles R. Ray, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT XXIII**
**SURVIVAL CLAIM OF THE ESTATE OF CHARLES R. RAY**
**PURSUANT TO 28 U.S.C. § 1605A**

77.    Plaintiff, Dorothy Wagner, Personal Representative of the Estate of Charles R. Ray, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

78.    Decedent, Charles R. Ray, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Dorothy Wagner, demands judgment on behalf of the Estate of Charles R. Ray, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT XXIV**
**CLAIMS OF DOROTHY WAGNER, THE ESTATE OF LUCIAN E. RAY, JR.,**
**AND THE ESTATE OF JUNE L. RAY**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

79.    Plaintiff Dorothy Wagner, personally and on behalf of the Estate of Lucian E. Ray, Jr. and the Estate of June L. Ray, repeats and re-alleges each and every allegation set forth

above with equal effect as if alleged herein.

80.     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Dorothy Wagner, the sister of the Decedent, and June L. Ray and Lucian E. Ray, Jr., the parents of the Decedent, endured extreme mental anguish and pain and suffering and economic losses, and suffered emotional injury and loss.

WHEREFORE, Dorothy Wagner, personally and on behalf of the Estate of Lucian E. Ray, Jr. and the Estate of June L. Ray, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT XXV**
**CLAIM OF THE ESTATE OF KEVIN CUSTARD**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR WRONGFUL DEATH**

81.     Plaintiff, Chyrisse Shermock, Personal Representative of the Estate of Kevin Custard, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

82.     On October 23, 1983, when the explosive device described above was detonated, Kevin Custard, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Kevin Custard was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Kevin Custard. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security.

WHEREFORE, Plaintiff, Chyrisse Shermock, demands judgment on behalf of the Estate of Kevin Custard, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<strong>COUNT XXVI<br>SURVIVAL CLAIM OF THE ESTATE OF KEVIN CUSTARD<br>PURSUANT TO 28 U.S.C. § 1605A</strong>

83.     Plaintiff, Chyrisse Shermock, Personal Representative of the Estate of Kevin Custard, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

84.     Decedent, Kevin Custard, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Chyrisse Shermock, demands judgment on behalf of the Estate of Kevin Custard, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<strong>COUNT XXVII<br>CLAIMS OF TERRI REA, YVONNE CUSTARD,<br>CHYRISSE SHERMOCK AND ESTATE OF LORRAINE ENGSTROM<br>PURSUANT TO 28 U.S.C. § 1605A<br>FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</strong>

85.     Plaintiffs Terri Rea, Yvonne Custard, Chyrisse Shermock, personally and on behalf of the Estate of Lorraine Engstrom, repeat and re-allege each and every allegation set

forth above with equal effect as if alleged herein.

86.     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Terri Rea and Yvonne Custard, the sisters of Kevin Custard, Lorraine Engstrom, the mother of Decedent, and Chyrisse Shermock, the sister of Decedent, endured extreme mental anguish and pain and suffering and economic losses, and suffered emotional injury and loss.

WHEREFORE, Terri Rea, Yvonne Custard, Chyrisse Shermock, personally and on behalf of the Estate of Lorraine Engstrom, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT XXVIII
### CLAIM OF THE ESTATE OF RICHARD BARRETT
### PURSUANT TO 28 U.S.C. § 1605A
### FOR WRONGFUL DEATH

87.     Plaintiff, Stephanie Barrett Elkins, Personal Representative of the Estate of Richard Barrett, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

88.     On October 23, 1983, when the explosive device described above was detonated, Richard Barrett, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Richard Barrett was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Richard Barrett. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security.

WHEREFORE, Plaintiff, Stephanie Barrett Elkins, demands judgment on behalf of the Estate of Richard Barrett, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XXIX
## SURVIVAL CLAIM OF THE ESTATE OF RICHARD BARRETT
## PURSUANT TO 28 U.S.C. § 1605A

89.     Plaintiff, Stephanie Barrett Elkins, Personal Representative of the Estate of Richard Barrett, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

90.     Decedent, Richard Barrett, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Stephanie Barrett Elkins, demands judgment on behalf of the Estate of Richard Barrett, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XXX
## CLAIMS OF JAMES A. BARRETT, JR., SUE BARRETT, ESTATE OF JAMES
## BARRETT, AND STEPHANIE BARRETT ELKINS
## PURSUANT TO 28 U.S.C. § 1605A
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

91.     Plaintiffs James A. Barrett, Jr., Sue Barrett, and Stephanie Barrett Elkins, personally and on behalf of the Estate of James Barrett, repeat and re-allege each and every

allegation set forth above with equal effect as if alleged herein.

92.     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, James A. Barrett, Jr., the brother of Decedent, James Barrett, the father of Decedent, and Sue Barrett and Stephanie Barrett Elkins, the sisters of Decedent, endured extreme mental anguish and pain and suffering and economic losses, and suffered emotional injury and loss.

WHEREFORE, James A. Barrett, Jr., Sue Barrett, and Stephanie Barrett Elkins, personally and on behalf of the Estate of James Barrett, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT XXXI**
**CLAIM OF THE ESTATE OF LEX TRAHAN**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR WRONGFUL DEATH**

93.     Plaintiff, Shirley Trahan, Personal Representative of the Estate of Lex Trahan, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

94.     On October 23, 1983, when the explosive device described above was detonated, Lex Trahan, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Lex Trahan was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Lex Trahan. Those agents were at all times acting within the scope of their agency and

acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

WHEREFORE, Plaintiff, Shirley Trahan, demands judgment on behalf of the Estate of Lex Trahan, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XXXII
## SURVIVAL CLAIM OF THE ESTATE OF LEX TRAHAN
## PURSUANT TO 28 U.S.C. § 1605A

95.     Plaintiff, Shirley Trahan, Personal Representative of the Estate of Lex Trahan, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

96.     Decedent, Lex Trahan, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Shirley Trahan, demands judgment on behalf of the Estate of Lex Trahan, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XXXIII
## CLAIMS OF SHIRLEY TRAHAN AND PERCY TRAHAN
## PURSUANT TO 28 U.S.C. § 1605A
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

97.     Plaintiffs Shirley Trahan and Percy Trahan repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

98.     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Shirley Trahan and Percy Trahan, the parents of Decedent, endured extreme mental anguish and pain and suffering and economic losses, and suffered emotional injury and loss.

WHEREFORE, Shirley Trahan and Percy Trahan demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XXXIV
## CLAIM OF WILLIAM FAULK
## PURSUANT TO 28 U.S.C. § 1605A
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99.     Plaintiff William Faulk repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

100.     On October 23, 1983, when the explosive device described above was detonated, James Faulk, a member of the United States Navy, and a resident of and citizen of the United States, suffered fatal injuries. The death of James Faulk was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James Faulk. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

101.     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran

through its agency, the Iranian Ministry of Information and Security, William Faulk, brother of James Faulk, endured extreme mental anguish and pain and suffering and economic losses, and suffered emotional injury and loss.

WHEREFORE, William Faulk demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT XXXV**
**CLAIM OF BRADLEY GROSS**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR BATTERY**

102.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

103.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Bradley Gross, inflicting injuries upon him resulting in pain and suffering and economic losses.  The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Bradley Gross, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT XXXVI**
**CLAIM OF BRADLEY GROSS**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR ASSAULT**

104.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

105.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Bradley Gross, in fear and apprehension of harm as a direct result of their actions. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Bradley Gross, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT XXXVII**
**CLAIM OF BRADLEY GROSS**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

106.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

107.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Bradley Gross, endured extreme mental anguish and pain and suffering and economic losses, suffered the loss of

the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Bradley Gross, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT XXXVIII
## CLAIM OF MARK BOYD
## PURSUANT TO 28 U.S.C. § 1605A
## FOR BATTERY

108.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

109.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Mark Boyd, inflicting injuries upon him resulting in pain and suffering and economic losses.  The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Mark Boyd, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT XXXIX
## CLAIM OF MARK BOYD
## PURSUANT TO 28 U.S.C. § 1605A
## FOR ASSAULT

37

110.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

111.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Mark Boyd, in fear and apprehension of harm as a direct result of their actions.  The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Mark Boyd, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

### COUNT XL
### CLAIM OF MARK BOYD
### PURSUANT TO 28 U.S.C. § 1605A
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

112.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

113.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Mark Boyd, endured extreme mental anguish and pain and suffering and economic losses, suffered the loss of the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Mark Boyd, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

### COUNT XLI
### CLAIM OF ANNETTE BOYD
### PURSUANT TO 28 U.S.C. § 1605A
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

114.    Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

115.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, the Plaintiff Annette Boyd, Mark Boyd's mother, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Annette Boyd, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.

### COUNT XLII
### CLAIM OF TIMOTHY WHITFIELD
### PURSUANT TO 28 U.S.C. § 1605A
### FOR BATTERY

116.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

117.    On October 23, 1983 members of Hezbollah by use of an explosive device as

above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Timothy Whitfield, inflicting injuries upon him resulting in pain and suffering and economic losses.  The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Timothy Whitfield, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT XLIII
## CLAIM OF TIMOTHY WHITFIELD
## PURSUANT TO 28 U.S.C. § 1605A
## FOR ASSAULT

118.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

119.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Timothy Whitfield, in fear and apprehension of harm as a direct result of their actions.  The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Timothy Whitfield, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT XLIV**
**CLAIM OF TIMOTHY WHITFIELD**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

120.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

121.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Timothy Whitfield, endured extreme mental anguish and pain and suffering and economic losses, suffered the loss of the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Timothy Whitfield, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT XLV**
**CLAIMS OF JEFF WHITFIELD, GARY WHITFIELD,**
**NEIL WHITFIELD, JIMMY WHITFIELD,**
**AND MARRIANE SCHAFFER**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

122.    The Plaintiffs, Jeff Whitfield, Gary Whitfield, Neil Whitfield, Jimmy Whitfield, and Marriane Schaffer, repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

123.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran

through its agency, the Iranian Ministry of Information and Security, Plaintiffs Jeff Whitfield, Timothy Whitfield's brother, Gary Whitfield, Timothy Whitfield's brother, Neil Whitfield, Timothy Whitfield's brother, Jimmy Whitfield, Timothy Whitfield's brother, and Marriane Schaffer, Timothy Whitfield's sister, endured extreme mental anguish and pain and suffering and economic losses, and suffered emotional injury and loss.

WHEREFORE, Plaintiffs, Jeff Whitfield, Gary Whitfield, Neil Whitfield, Jimmy Whitfield, and Marriane Schaffer, each demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.

### COUNT XLVI
### CLAIM OF SCOTT SMITH
### PURSUANT TO 28 U.S.C. § 1605A
### FOR BATTERY

124.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

125.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Scott Smith, inflicting injuries upon him resulting in pain and suffering and economic losses.  The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Scott Smith, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00),

and costs.

### COUNT XLVII
### CLAIM OF SCOTT SMITH
### PURSUANT TO 28 U.S.C. § 1605A
### FOR ASSAULT

126.     The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

127.     The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Scott Smith, in fear and apprehension of harm as a direct result of their actions. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Scott Smith, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

### COUNT XLVIII
### CLAIM OF SCOTT SMITH
### PURSUANT TO 28 U.S.C. § 1605A
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

128.     The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

129.     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Scott Smith,

endured extreme mental anguish and pain and suffering and economic losses, suffered the loss of the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Scott Smith, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT XLIX**
**CLAIM OF JEFFREY KULP**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR BATTERY**

130.     The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

131.     On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Jeffrey Kulp, inflicting injuries upon him resulting in pain and suffering and economic losses.  The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Jeffrey Kulp, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT L
## CLAIM OF JEFFREY KULP
## PURSUANT TO 28 U.S.C. § 1605A
## FOR ASSAULT

132.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

133.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Jeffrey Kulp, in fear and apprehension of harm as a direct result of their actions. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Jeffrey Kulp, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT LI
## CLAIM OF JEFFREY KULP
## PURSUANT TO 28 U.S.C. § 1605A
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

134.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

135.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Jeffrey Kulp, endured extreme mental anguish and pain and suffering and economic losses, suffered the loss of

the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Jeffrey Kulp, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LII**
**CLAIM OF LEO MORA**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR BATTERY**

136.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

137.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Leo Mora, inflicting injuries upon him resulting in pain and suffering and economic losses.  The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Leo Mora, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LIII**
**CLAIM OF LEO MORA**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR ASSAULT**

138.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

139.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Leo Mora, in fear and apprehension of harm as a direct result of their actions.  The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Leo Mora, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LIV**
**CLAIM OF LEO MORA**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

140.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

141.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Leo Mora, endured extreme mental anguish and pain and suffering and economic losses, suffered the loss of

the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Leo Mora, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LV**
**CLAIM OF DARRELL SILER**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR BATTERY**

142.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

143.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Darrell Siler, inflicting injuries upon him resulting in pain and suffering and economic losses.  The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Darrell Siler, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LVI**
**CLAIM OF DARRELL SILER**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR ASSAULT**

144.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

145.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Darrell Siler, in fear and apprehension of harm as a direct result of their actions. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Darrell Siler, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LVII**
**CLAIM OF DARRELL SILER**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

146.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

147.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Darrell Siler, endured extreme mental anguish and pain and suffering and economic losses, suffered the loss of

the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Darrell Siler, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT LVIII
## CLAIM OF CARIE MCCORMACK
## PURSUANT TO 28 U.S.C. § 1605A
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

148.   The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

149.   As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, the Plaintiff Carie McCormack, Darrell Siler's mother, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Carie McCormack, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.

## COUNT LIX
## CLAIM OF BENJAMIN FOSS
## PURSUANT TO 28 U.S.C. § 1605A
## FOR BATTERY

150.   The Plaintiff repeats and re-alleges each and every allegation set forth above with

equal effect as if alleged herein.

151.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Benjamin Foss, inflicting injuries upon him resulting in pain and suffering and economic losses.   The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Benjamin Foss, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT LX
## CLAIM OF BENJAMIN FOSS
## PURSUANT TO 28 U.S.C. § 1605A
## FOR ASSAULT

152.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

153.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Benjamin Foss, in fear and apprehension of harm as a direct result of their actions. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Benjamin Foss, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT LXI
## CLAIM OF BENJAMIN FOSS
## PURSUANT TO 28 U.S.C. § 1605A
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

154.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

155.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Benjamin Foss, endured extreme mental anguish and pain and suffering and economic losses, suffered the loss of the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Benjamin Foss, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT LXII
## CLAIM OF PATSY FOSS
## PURSUANT TO 28 U.S.C. § 1605A
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

156.    Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

157.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran

through its agency, the Iranian Ministry of Information and Security, the Plaintiff Patsy Foss, Benjamin Foss' mother, endured extreme mental anguish and pain and suffering and economic losses, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Patsy Foss, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.

## COUNT LXIII
## CLAIM OF BRUCE COCHRAN
## PURSUANT TO 28 U.S.C. § 1605A
## FOR BATTERY

158.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

159.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Bruce Cochran, inflicting injuries upon him resulting in pain and suffering and economic losses.   The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Bruce Cochran, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXIV**
**CLAIM OF BRUCE COCHRAN**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR ASSAULT**

160.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

161.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Bruce Cochran, in fear and apprehension of harm as a direct result of their actions. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Bruce Cochran, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXV**
**CLAIM OF BRUCE COCHRAN**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

162.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

163.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Bruce Cochran, endured extreme mental anguish and pain and suffering and economic losses, suffered the loss of

54

the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Bruce Cochran, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXVI**
**CLAIM OF JOHN IJAMES**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR BATTERY**

164.   The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

165.   On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, John Ijames, inflicting injuries upon him resulting in pain and suffering and economic losses.   The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, John Ijames, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT LXVII
## CLAIM OF JOHN IJAMES
## PURSUANT TO 28 U.S.C. § 1605A
## FOR ASSAULT

166.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

167.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, John Ijames, in fear and apprehension of harm as a direct result of their actions. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, John Ijames, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT LXVIII
## CLAIM OF JOHN IJAMES
## PURSUANT TO 28 U.S.C. § 1605A
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

168.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

169.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, John Ijames, endured extreme mental anguish and pain and suffering and economic losses, suffered the loss of

the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, John Ijames, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT LXIX
## CLAIM OF ROSS MORRISON
## PURSUANT TO 28 U.S.C. § 1605A
## FOR BATTERY

170. The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

171. On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Ross Morrison, inflicting injuries upon him resulting in pain and suffering and economic losses. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Ross Morrison, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXX**
**CLAIM OF ROSS MORRISON**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR ASSAULT**

172.     The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

173.     The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Ross Morrison, in fear and apprehension of harm as a direct result of their actions. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Ross Morrison, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXXI**
**CLAIM OF ROSS MORRISON**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

174.     The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

175.     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Ross Morrison, endured extreme mental anguish and pain and suffering and economic losses, suffered the loss of

the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Ross Morrison, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXXII**
**CLAIM OF BRIAN ZEBROWSKI**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR BATTERY**

176.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

177.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Brian Zebrowski, inflicting injuries upon him resulting in pain and suffering and economic losses.   The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Brian Zebrowski, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXXIII**
**CLAIM OF BRIAN ZEBROWSKI**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR ASSAULT**

178.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

179.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Brian Zebrowski, in fear and apprehension of harm as a direct result of their actions.  The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Brian Zebrowski, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXXIV**
**CLAIM OF BRIAN ZEBROWSKI**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

180.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

181.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Brian Zebrowski, endured extreme mental anguish and pain and suffering and economic losses, suffered the loss of

the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Brian Zebrowski, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXXV**
**CLAIM OF EDWARD McCARRON, JR.**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR BATTERY**

182.   The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

183.   On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Edward McCarron, Jr., inflicting injuries upon him resulting in pain and suffering and economic losses.   The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Edward McCarron, Jr., demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT LXXVI
## CLAIM OF EDWARD McCARRON, JR.
## PURSUANT TO 28 U.S.C. § 1605A
## FOR ASSAULT

184.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

185.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Edward McCarron, Jr., in fear and apprehension of harm as a direct result of their actions.  The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Edward McCarron, Jr., demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT LXXVII
## CLAIM OF EDWARD McCARRON, JR.
## PURSUANT TO 28 U.S.C. § 1605A
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

186.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

187.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Edward McCarron, Jr., endured extreme mental anguish and pain and suffering and economic losses,

suffered the loss of the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Edward McCarron, Jr., demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

### COUNT LXXVIII
### CLAIM OF TIMOTHY J. KUEHNE
### PURSUANT TO 28 U.S.C. § 1605A
### FOR BATTERY

188.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

189.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Timothy J. Kuehne, inflicting injuries upon him resulting in pain and suffering and economic losses.   The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Timothy J. Kuehne, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXXIX**
**CLAIM OF TIMOTHY J. KUEHNE**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR ASSAULT**

190.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

191.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Timothy J. Kuehne, in fear and apprehension of harm as a direct result of their actions.  The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Timothy J. Kuehne, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXXX**
**CLAIM OF TIMOTHY J. KUEHNE**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

192.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

193.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Timothy J. Kuehne, endured extreme mental anguish and pain and suffering and economic losses, suffered

the loss of the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Timothy J. Kuehne, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXXXI**
**CLAIM OF GREG SIMMONS**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR BATTERY**

194.   The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

195.   On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Greg Simmons, inflicting injuries upon him resulting in pain and suffering and economic losses.   The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Greg Simmons, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXXXII**
**CLAIM OF GREG SIMMONS**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR ASSAULT**

196.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

197.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Greg Simmons, in fear and apprehension of harm as a direct result of their actions. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Greg Simmons, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXXXIII**
**CLAIM OF GREG SIMMONS**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

198.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

199.    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Greg Simmons, endured extreme mental anguish and pain and suffering and economic losses, suffered the loss of

the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Greg Simmons, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXXXIV**
**CLAIM OF AL DUNCAN**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR BATTERY**

200.    The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

201.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of Plaintiff, Al Duncan, inflicting injuries upon him resulting in pain and suffering and economic losses.  The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of Plaintiff.

WHEREFORE, Plaintiff, Al Duncan, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXXXV**
**CLAIM OF AL DUNCAN**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR ASSAULT**

202.     The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

203.     The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Al Duncan, in fear and apprehension of harm as a direct result of their actions.  The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, injury, and pain and suffering and economic losses.

WHEREFORE, Plaintiff, Al Duncan, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXXXVI**
**CLAIM OF AL DUNCAN**
**PURSUANT TO 28 U.S.C. § 1605A**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

204.     The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

205.     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Al Duncan, endured extreme mental anguish and pain and suffering and economic losses, suffered the loss of

the company of his family and friends, and was subjected to injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Al Duncan, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT LXXXVII**
**CLAIMS OF THE PLAINTIFFS COLLECTIVELY**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

206.    The Plaintiffs repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

207.    The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of the rights and physical wellbeing of the Plaintiffs.  All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security.  In accordance with 28 U.S.C. § 1605A(c) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran.  Said agency rendered material support to those actually carrying out the acts above described.  An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 U.S.C. § 1605A(c) making a nation which has been designated as a "state sponsor of terrorism under § 6(j) of the Export Administration Act of 1979," vicariously liable for punitive damages.

WHEREFORE, the Plaintiffs demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of NINE BILLION DOLLARS ($9,000,000,000.00), and costs.

## OTHER RELIEF
## PURSUANT TO 28 U.S.C. § 1605A

208.    The Plaintiffs request reasonable attorney's fees, costs, prejudgment interest, and postjudgment interest, as well as all other available and appropriate relief.

October 20, 2014

Respectfully submitted,

BY: *Andrew Friedman* by *Matthew S. Axelrod*

Andrew N. Friedman

Theodore J. Leopold (Fl. Bar No. 705608)
tleopold@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
2925 PGA Boulevard
Suite 200
Palm Beach Gardens, FL 33410
Telephone:  (877) 515-7955

Matthew S. Axelrod (D.C. Bar No. 1014503)
maxelrod@cohenmilstein.com
Andrew N. Friedman (D.C. Bar No. 375595)
afriedman@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., NW
Suite 500, West Tower
Washington, DC 20005
Telephone:  (202) 408-4600

R. Paul Hart (Ga. Bar No. 333694)
paul@kmtrial.com
Jeremy S. McKenzie (Ga. Bar No. 436655)
jeremy@kmtrial.com
KARSMAN, MCKENZIE & HART
21 West Park Avenue
Savannah, Georgia 31401
Telephone:  (912) 335-4977

*Attorneys for the Plaintiffs*