

R. Joseph Barton<br>jbarton@cohenmilstein.com

May 6, 2015

Office of the Clerk
United States District Court
for the District of Columbia
United States Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re: *Request for Service of Process on Defendants Islamic Republic of Iran and the Iranian Ministry of Information and Security in* Relvas et al. v. Islamic Republic of Iran*, 1:14-cv-01752*

Dear Office of the Clerk:

In connection with the above-captioned case, we are writing to request that the Clerk of Court take all necessary steps, pursuant to 28 U.S.C. § 1608(a)(4), to effect service in this matter on Defendants Islamic Republic of Iran and the Iranian Ministry of Information and Security.

Service on Iran under 28 U.S.C. § 1608(a)(4) is warranted here. Defendant Islamic Republic of Iran and the United States do not have any special arrangement for service of process pursuant to 28 U.S.C. § 1608(a)(1), nor is service permitted by any applicable international convention on service of documents pursuant to 28 U.S.C. § 1608(a)(2).

Moreover, although 28 U.S.C. § 1608(a)(3) generally requires a party suing a foreign government under the Foreign Sovereign Immunities Act to attempt service through mail before requesting service through diplomatic channels, Iran has repeatedly refused to accept service through mail in cases asserting such claims. See e.g., *Peterson, et. al. v. the Islamic Republic of Iran*, Civil Action No. 01-CV-2094; *Valore, et. al. v. Islamic Republic of Iran,* Civil Action No. 03-CV-1959; *Arnold, et. al. v. Islamic Republic of Iran,* Civil Action No. 06-CV-516; *Spencer, et. al. v. Islamic Republic of Iran*, Civil Action No. 06-CV-750; *Worley, et. al. v. the Islamic Republic of Iran*, Civil Action No. 12-CV-2069. Acknowledging this fact, the Attorney Manual for Service of Process on a Foreign Defendant which is compiled by the Clerk of the United States District Court for the District of Columbia, provides:

Case 1:14-cv-01752-RCL   Document 16   Filed 05/06/15   Page 2 of 2

May 6, 2015
Page 2

>The countries of Iran and Iraq have not objected to service by mail. However, many attempts at service by mail or courier are unsuccessful. Therefore, it is okay for an attorney to request service directly through diplomatic channels (28 U.S.C. § 1608(a)(4)) without attempting service under any other provisions first.

Attorney Manual for Service of Process on a Foreign Defendant § I(B)(11)(f) (2014). Moreover, Daniel A. Klimow, Attorney Advisor at the State Department's Overseas Citizen Services, Office of Legal Affairs, has similarly confirmed that it is unnecessary to attempt service by mail pursuant to 28 U.S.C. § 1608(a)(3) on the Islamic Republic of Iran and the Islamic Republic of Information and Security. (attached as Ex. A)

Accordingly, pursuant to 28 U.S.C. § 1608(a)(4), I have enclosed for each Defendant: two copies of the amended complaint, summons, notice of suit, and the Foreign Sovereign Immunities Act in both English and Farsi, the official language of the Islamic Republic of Iran.

Once the Clerk's Office has completed its processing of these documents, we will send them to the State Department at the following address:

U.S. Department of State
CA/OCS/L
SA-17, 10th Floor
Washington, DC 20522-1710

Very truly yours,

/s/

R. Joseph Barton, Partner
Cohen Milstein Sellers & Toll, PLLC
1100 New York Avenue, NW, Suite 500
(202) 408-4600
jbarton@cohenmilstein.com