**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JOHN RELVAS, *et al.*,**

Plaintiffs,

v.

**THE ISLAMIC REPUBLIC OF IRAN & THE IRANIAN MINISTRY OF INFORMATION AND SECURITY,**

Defendants.

Civil Action No. 14-CV-01752-RCL

**PLAINTIFFS' RESPONSE TO THIS COURT'S DECEMBER 9, 2015 ORDER**

Plaintiffs, through counsel, submit the below response to this Court's December 9, 2015 Order:

For suits under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a)(4) provides that service through diplomatic channels is permitted "if service cannot be made within 30 days" through mail pursuant to § 1608(a)(3). Plaintiffs received written guidance—both from the Office of the Clerk for the U.S. District Court for the District of Columbia and from the U.S. Department of State—that service by mail on Iran "cannot be made" and, accordingly, that Plaintiffs could effect service directly under § 1608(a)(4).[1] On August 10, 2015, on behalf of the U.S. Department of State, the Clerk's Office filed on this case's docket proof of service pursuant to § 1608(a)(4). ECF 19. After Defendants failed to timely answer, the Clerk's Office entered default against Defendants at Plaintiffs' request. ECF 21. Plaintiffs subsequently moved for a

[1] *See* Attorney Manual for Service of Process on a Foreign Defendant ("The countries of Iran and Iraq have not objected to service by mail. However, many attempts at service by mail or courier are unsuccessful. Therefore, it is okay for an attorney to request service directly through diplomatic channels (28 U.S.C. § 1608(a)(4)) without attempting service under any other provisions first.")

default judgment on liability. ECF 22.

On December 9, 2015, following Plaintiffs' motion for default judgment, this Court entered an order concerning the sufficiency of Plaintiffs' service. ECF 23. The Court noted that, although Plaintiffs had presented evidence of service on Defendants in accordance with § 1608(a)(4), "[n]othing in the record . . . indicates plaintiffs attempted service by mail in accordance with the provisions of 28 U.S.C. § 1608(a)(3)." *Id*. at 1. The Court stated that "this raises the possibility that not only is their already effected 1608(a)(4) service insufficient under the statute, but also that such service cannot be made retroactively proper if—as the Court expects—the service 1608(a)(3) service is not effected." *Id*. Plaintiffs were ordered to "provide any authority they have to establish that proper service has been effected, and if not, whether a retroactive attempt under section 1608(a)(3) will render already effected process under 1608(a)(4) proper." *Id*. at 2.

Based on the guidance of the Office of the Clerk for the U.S. District Court for the District of Columbia and the U.S. Department of State, Plaintiffs have not attempted to serve Defendants by mail in accordance with § 1608(a)(3). The plain language of § 1608 of the FSIA merely requires a showing that service by mail "cannot be made within 30 days" and does not require an actual attempt to serve by mail. This Court appears to have recognized that the mere failure to properly attempt service under § 1608(a)(3), at least when there was a valid basis for not doing so, does not necessarily render ineffective proper service under § 1608(a)(4). *See Wye Oak Tech., Inc. v. Republic of Iraq*, 941 F. Supp. 2d 53, 57 (D.D.C. 2013) (Lamberth, J.) (denying defendant Iraq's motion seeking dismissal for lack of service because "[ev]en if . . . [plaintiff's] mail service attempt was invalid, no injustice would result here since Iraq has received adequate process through diplomatic channels."). Here, Plaintiffs had good reason not

to attempt service under § 1608(a)(3) because the Clerk's Office and State Department had essentially determined that service "cannot be made within 30 days" given Iran's repeated refusal to accept such service in prior litigation in which it has been a defendant.

Even if the structure of § 1608(a)(4) does require an actual attempt of service under § 1608(a)(3) in order for service through diplomatic channels to be effective, the language of the statute appears to permit a retroactive demonstration of the inability to serve by mail. Section 1608(a)(4) provides that service through diplomatic channels is required "*if* service cannot be made within 30 days under [§ 1608(a)(3)]"; it does *not* state that § 1608(a)(3) must be attempted *prior* to service under § 1608(a)(4). Thus, a showing that service by mail cannot be made within 30 days, even subsequent to effective service through § 1608(a)(4), would definitely demonstrate that service cannot be made via under § 1608(a)(3). For these reasons, proof of the inability to serve by mail should be permitted without also requiring Plaintiffs to serve Defendants—for a second time—under § 1608(a)(4).

Nevertheless, in order to ensure that Plaintiffs secure judgments that are immune to attack by Iran, regardless of this Court's order, Plaintiffs intend to re-serve Defendants by mail and then again through diplomatic channels. Where Plaintiffs have failed to perfect service of process on a foreign sovereign in a manner complying with the FSIA, courts typically allow plaintiffs additional time within which to perfect such service. *O'Bryan v. Holy See*, 490 F. Supp. 2d 826, 832 (W.D. Ky. 2005) (citing cases).

But because the process of re-serving Defendants through diplomatic channels would substantially delay the progress of Plaintiffs' case—and is a safety precaution given Plaintiffs' actual service on Iran through § 1608(a)(4)—Plaintiffs request that this Court permit them to move to "appoint [a] special master[] to hear [Plaintiffs'] damages claims" pursuant to

§ 1605A(e) (at least once Plaintiffs have presented evidence of attempted service by mail). Permitting a special master to begin the process of reviewing evidence of Plaintiffs' damages, and drafting a report, would avoid further delay to Plaintiffs who have already waited far too long for justice.

Dated: December 21, 2015

Respectfully submitted,

*/s/ R. Joseph Barton*

R. Joseph Barton (D.C. Bar No. 489946)
jbarton@cohenmilstein.com
Andrew N. Friedman (D.C. Bar No. 375595)
afriedman@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., NW
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600

Theodore J. Leopold (Fl. Bar No. 705608)
tleopold@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
2925 PGA Boulevard
Suite 200
Palm Beach Gardens, FL 33410
Telephone: (877) 515-7955

Jeremy S. McKenzie (Ga. Bar No. 436655)
jeremy@kmtrial.com
R. Paul Hart (Ga. Bar No. 333694)
paul@kmtrial.com
KARSMAN, MCKENZIE & HART
21 West Park Avenue
Savannah, Georgia 31401
Telephone: (912) 335-4977

*Attorneys for the Plaintiffs*