**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN RELVAS, *et al.*,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 14-CV-01752-RCL |
| ) | |
| **THE ISLAMIC REPUBLIC OF IRAN &** ) | |
| **THE IRANIAN MINISTRY** ) | |
| **OF INFORMATION AND SECURITY,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## NOTICE REGARDING THE COMPENSATION FOR UNITED STATES VICTIMS OF STATE SPONSORED TERRORISM ACT

Plaintiffs, through counsel, wish to advise the Court of the recent enactment on December 18, 2015 of the Compensation for United States Victims of State Sponsored Terrorism Act ("the Act"), as part of the Consolidated Appropriations Act of 2016. Pub. L. No. 114-113, Div. O, § 404. Plaintiffs believe that the Act underscores the significance of an expeditious resolution of this litigation and, accordingly, is relevant to this Court's December 9, 2015 Order, ECF 23, as well as subsequent developments in this case.

The Act creates a fund ("Fund"), in part, for U.S. victims of state-sponsored terror who have obtained final judgments under the Foreign Sovereign Immunities Act ("FSIA"). The Fund is to be overseen by a special master ("Special Master") appointed by the U.S. Attorney General, whose purpose is to establish the rules governing the Fund's operation and to distribute its assets to eligible terrorism victims. *Id*. § 404(b)(1), (b)(2). The Act initially appropriates to the Fund $1.025 billion in federal government funds, *id*. § 404(e)(5), and reserves a portion of the settlement with BNP Paribas in *United States v. BNPP*, No. 14-CR-460 (S.D.N.Y.), *id*. § 405(a),

(b).

The Act offers a potentially narrow window for Plaintiffs to obtain relief for their injuries resulting from Iran's role in the 1983 Beirut Marine Barracks Bombing.  Significantly, the Special Master is required to authorize all initial payments from the Fund within 1 year of the Act's enactment.  *Id*. § 404(d)(2).  The Special Master is likely to prescribe in the near future deadlines for victims with judgments to submit claims in order to qualify for this initial set of Fund payments.  Moreover, the amount of outstanding potentially qualified judgments is likely to exceed the funds initially allocated to the Fund.  Although, in theory, the Act will divert to the Fund, for purposes of future distributions, certain funds obtained from future fines and forfeitures paid by persons and entities determined to be doing business with a state sponsor of terrorism, § 404(e)(2)(A)(i), (ii), it is uncertain whether any additional fines will be levied.  Only three countries remain on the State Department's "State Sponsors of Terrorism" list, and diplomatic developments may further reduce the list in the near future (Cuba was removed earlier this year).  For these reasons, Plaintiffs have a strong interest in obtaining a judgment under § 1607A of the FSIA as soon as is practicable and are committed to working with the Court to resolve this litigation expeditiously.

January 8, 2016

Respectfully submitted,

*/s/ R. Joseph Barton*
R. Joseph Barton (D.C. Bar No. 489946)
jbarton@cohenmilstein.com
Andrew N. Friedman (D.C. Bar No. 375595)
afriedman@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., NW
Suite 500, West Tower
Washington, DC 20005
Telephone:  (202) 408-4600

Theodore J. Leopold (Fl. Bar No. 705608)
tleopold@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
2925 PGA Boulevard
Suite 200
Palm Beach Gardens, FL 33410
Telephone:  (877) 515-7955

Jeremy S. McKenzie (Ga. Bar No. 436655)
jeremy@kmtrial.com
R. Paul Hart (Ga. Bar No. 333694)
paul@kmtrial.com
KARSMAN, MCKENZIE & HART
21 West Park Avenue
Savannah, Georgia 31401
Telephone:  (912) 335-4977

*Attorneys for the Plaintiffs*